**UNITED STATES ATTORNEY'S OFFICE**
ROBERT FRAZER
United States Attorney
JOHN T. STINSON
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
Tel: (856) 757-5139

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* | Chapter 11 (Subchapter V) |
| ENGLEWOOD HOSPITALITY LLC., *et al.,* | Case No. 25-22962-SLM |
| Debtors[1]. | Jointly Administered |
| | Judge Stacey L. Meisel |
| | **Hearing Date: April 14, 2026** **Hearing Time: 11:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF
DEBTORS' JOINT SMALL BUSINESS PLAN OF REORGANIZATION
UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue

Service (the "Service"), submits the following objection to confirmation of the above-

captioned debtors' joint small business plan of reorganization under Chapter 11 of

the Bankruptcy Code (the "Plan") [ECF Doc. No. 79].  In support thereof, the

---

[1]The Debtors and the last four digits of the Debtors' federal tax identification number are: (i)
Englewood Hospitality LLC (5019), and (ii) Lefkes Delray LLC (0470). The Debtors' primary address
is 495 Sylvan Avenue, Englewood Cliffs, NJ 07632.

Service respectfully represents as follows:

RELEVANT BACKGROUND

1.      Per the Service's records, Englewood Hospitality LLC (the "Englewood Debtor") has failed to file the following federal tax returns: (a) Form 1065 for tax year 2020; (b) Form 1065 for tax year 2021; (c) Form 1065 for tax year 2022; (d) Form 1065 for tax year 2023; (e) Form 1065 for tax year 2024; (f) Form 1065 for tax year 2025; and (g) Form 940 for tax year 2025 (collectively, the "Delinquent Englewood Federal Returns").  *See* Claim No. 13.

2.      Per the Service's records, Lefkes Delray LLC (the "Lefkes Debtor") has failed to file the following federal tax return: (a) Form 1065 for tax year 2025; (the "Delinquent Lefkes Federal Return").  *See* Claim No. 19.

3.      The Service filed a proof of claim against the Englewood Debtor (the "Englewood Service Claim") in the amount of $83,876.22 consisting of: (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $14,916.37[2] (the "Englewood Priority Claim") and (ii) a general unsecured claim in the amount of $68,959.85.  *See* Claim No. 13.

4.      The Service filed a proof of claim against the Lefkes Debtor (the "Lefkes Service Claim") in the amount of $42,112.01 consisting of: (i) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $2,245.92[3] (the

---#

[2] This amount is currently estimated because, as noted above, the Englewood Debtor has failed to file federal tax returns for all periods entitled to priority under 11 U.S.C. § 507(a)(8).

[3] This amount is currently estimated because, as noted above, the Lefkes Debtor has failed to file a federal tax return for the period entitled to priority under 11 U.S.C. § 507(a)(8).

"Lefkes Priority Claim") and (ii) a general unsecured claim in the amount of

$39,866.09.  *See* Claim No.  19.

5.　　For the reasons discussed below, the Plan is not presently confirmable.

## OBJECTION

### A. The Plan is Not Confirmable Because it Fails to Adequately Provide for the Service's Priority Claims

6.　　With respect to the Englewood Priority Claim and Lefkes Priority

Claim (collectively, the "Priority Claims"), Bankruptcy Code section 1129(a)(9)(C)

requires full payment in cash (plus post-confirmation interest) within five-years of

the Petition Date.  11 U.S.C. § 1129(a)(9)(C) *id.* § 1191(a) (incorporating section

1129(a)(9)'s confirmation requirements into Subchapter V cases); *United States v.*

*Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C)

provides that a debtor seeking confirmation of a reorganization plan under Chapter

11 may only defer the payment of priority tax claims if the creditor who is forced to

accept the deferred payments receives interest on its claim in an amount that

renders the deferred payments equivalent to the present value of its claim.").  The

interest rate currently applicable to federal taxes is 7%.  *See* 11 U.S.C. § 511(a)-(b).

7.　　Here, the Plan does not provide for payment of the Priority Claims

within 5-years of the Petition Date (plus post-confirmation interest) as required by

section 1129(a)(9)(C).  *See* Plan Art. 5.  Unless the Plan is revised to provide full

payment of the Priority Claims within the required time period, plus interest, it

cannot be confirmed consistent with section 1129(a)(9)(C).  To be clear, before the

3

amount of the Priority Claims can even be determined with certainty (or the feasibility of the Plan even assessed), the Englewood Debtor and Lefkes Debtor must file the Delinquent Federal Returns. As explained below, the failure to file those returns provides an independent basis to deny confirmation of the Plan.

**B. <u>The Plan is Generally Unconfirmable Based on Englewood Debtor's and Lefkes Debtor's Failure to File Tax Returns</u>**

8.      As noted above, the Englewood Debtor and Lefkes Debtor have not filed the Delinquent Federal Returns. *See* Claim Nos. 13 and 19. Unless and until those returns are filed, the Plan cannot be confirmed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1184 (requiring small business debtors under Subchapter V to comply with the requirements of section 1106(a)(6) of the Bankruptcy Code); *id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *id.* § 1191(a) (applying Bankruptcy Code section 1129(a)(2)'s confirmation requirement to cases under Subchapter V); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148 (Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: April 13, 2026

ROBERT FRAZER
United States Attorney

/s/ *John T. Stinson*
_____

By: John T. Stinson
Assistant U.S. Attorney

*Attorneys for the*
*United States of America*